NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2336
_____

UNITED STATES OF AMERICA

v.

RHASHEAN STRANGE.
also known as Chicago,
Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-15-cr-00189-001)
District Judge:  Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 28, 2021
_____

Before:  SMITH, *Chief Judge*, PHIPPS and ROTH, *Circuit Judges*.

(Filed: May 6, 2021)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PHIPPS, *Circuit Judge*.

In District Court, Rhashean Strange pleaded guilty to conspiracy to distribute and possess with intent to distribute at least one kilogram of heroin, and he received a sentence of 168 months' imprisonment. Strange appealed that judgment and sentence, but his court-appointed counsel filed an *Anders* motion to withdraw representation on the grounds that Strange has no non-frivolous issue to appeal. *See Anders v. California*, 386 U.S. 738 (1967); 3d Cir. L.A.R. 109.2(a). Through its own brief, the Government supports the *Anders* motion. Strange has not filed a *pro se* brief in support of his appeal.

Based on those filings and our independent review, we will grant counsel's motion to withdraw, and we will affirm the judgment of the District Court.

I.

In June 2014, the FBI and Pennsylvania State Police began investigating Strange and his co-conspirators on suspicion of heroin trafficking. Over the next few months, confidential informants made several controlled purchases of heroin from Strange. Various cooperating witnesses testified about Strange's heroin-dealing activities. And law-enforcement searches of Strange's residence and car, as well as two co-conspirators' residences, yielded additional contraband, including heroin, marijuana, handguns, ammunition, packaging material, money, and cellphones. A federal grand jury returned a 27-count indictment against Strange and seven co-conspirators, including six counts against Strange himself – five related to drugs and one related to firearms, plus a criminal forfeiture allegation.

Strange pleaded guilty to one count of conspiracy to distribute more than one kilogram of heroin, in violation of 21 U.S.C. § 846. In anticipation of sentencing, the Probation Office prepared a Presentence Investigation Report (PSR), which calculated a total offense level of 33 and a criminal history category of III. Based on those figures, the Guidelines range for Strange's sentence was 168 to 210 months' imprisonment. The PSR did not identify any factors warranting either a departure from the Guidelines or a variance under 18 U.S.C. § 3553(a).

Through his court-appointed counsel, Strange sought a downward variance for two reasons. *See* 18 U.S.C. § 3553(a). First, he argued that his sentence should be lower than the Guidelines range because the four-level enhancement he received for being an organizer or leader of a criminal enterprise effectively double-counted the quantity of drugs he possessed. Second, Strange compared his sentence with that of his partner in the drug business, who had a more significant criminal history and also possessed a firearm in connection with the offense, but received a much lower sentence – 121 months. Strange viewed that 47-month disparity between his partner's sentence and the low-end of his own Guidelines-range sentence as cause for a variance. The Government opposed those arguments and defended the appropriateness of the Guidelines range, particularly in light of the opioid crisis both nationwide and in Pennsylvania. The District Court declined to vary downward and sentenced Strange to a bottom-of-the-Guidelines term of 168 months' imprisonment.

After that final judgment, Strange filed a notice of appeal through counsel, triggering the appellate jurisdiction of this Court. *See* 18 U.S.C. § 3742(a); *see also* 28 U.S.C. § 1291. Counsel then filed an *Anders* motion to withdraw, contending that review of the case yielded no non-frivolous appellate issues. In response, the Government agreed. Strange did not file a *pro se* brief in support of his appeal.

## II.

Counsel for a criminal defendant is generally expected to continue that representation on appeal. *See* 3d Cir. L.A.R. 109.1; *see also Anders*, 386 U.S. at 744. But when counsel believes that no non-frivolous basis for the appeal exists, he or she may file an *Anders* motion for court approval to withdraw representation. *See Anders*, 386 U.S. at 744; *see, e.g.*, *Smith v. Robbins*, 528 U.S. 259, 264 (2000); *McCoy v. Ct. of Appeals of Wis., Dist. 1*, 486 U.S. 429, 430 (1988). To obtain such approval, counsel must first "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues," *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000), and second persuade the court that any appellate issue would be "so frivolous that it may be decided without an adversary presentation," *Penson v. Ohio*, 488 U.S. 75, 82 (1988). If after reviewing counsel's motion, the Government's response, and any *pro se* filings, along with its own independent review of the record, the court determines that those two criteria are met, then the court "will grant counsel's *Anders* motion, and dispose of the appeal without appointing new counsel." 3d Cir. L.A.R. 109.2(a); *see also United States v. Youla,* 241 F.3d 296, 300 (3d Cir. 2001).

4

## III.

In his *Anders* brief, Strange's counsel identifies three potential categories of appellate issues. They relate to the District Court's jurisdiction, the voluntariness of Strange's guilty plea, and the validity of Strange's sentence. In response, the Government agrees with counsel's assessment of the scope of potential appellate issues. On independent review, counsel's *Anders* brief demonstrates a thorough examination of the record, reflecting the requisite diligence to guide this Court's assessment. *See Youla*, 241 F.3d at 301. For the reasons below, this appeal contains no nonfrivolous issues.

First, there is no jurisdictional defect. Because Strange was charged with several federal criminal offenses that primarily occurred within the Middle District of Pennsylvania, the District Court had jurisdiction under 18 U.S.C. § 3231.

Second, there is no infirmity with Strange's guilty plea. The District Court properly ensured that Strange's plea was knowing, intelligent, and voluntary. *See Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005); *Boykin v. Alabama*, 395 U.S. 238, 240–42 (1969); *see also* Fed. R. Crim. P. 11(b).

Third, there is no nonfrivolous basis for Strange to challenge his bottom-of-the-Guidelines sentence. The sentence was below the statutory maximum of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). Nor was the Guidelines-range calculation erroneous. A within-range sentence carries a presumption of reasonableness, *see Rita v. United States*, 551 U.S. 338, 347 (2007), and the record here does not suggest that the District Court abused its discretion by imposing a sentence within that range*, see United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). Thus, the within-Guidelines

sentence was both substantively and procedurally reasonable. *See United States v. Merced*, 603 F.3d 203, 213–16 (3d Cir. 2010).

\* \* \*

For these reasons, we will grant counsel's *Anders* motion to withdraw and affirm the judgment of the District Court.